UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MOHAMMED HOSSAIN, | : | CIVIL NO. 3:CV-09-2199 |
| Petitioner | : | (Judge Nealon) |
| v. | : | |
| MARY E. SABOL, Warden, | : | |
| Respondent | : | |

## MEMORANDUM AND ORDER

Petitioner, a detainee of the Immigration and Customs Enforcement ("ICE"), currently confined in the York County Prison, York, Pennsylvania, filed the above captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Hossain challenges his continued detention by ICE. Because Petitioner's ninety day removal period has yet to expire, the petition will be dismissed as premature.

I. **Background**

Petitioner, a native and citizen of Bangladesh, entered the United States around December, 1986 with an F-1 student visa. (Doc. 14, Ex. C,

1

FILED
SCRANTON

FEB 0 1 2010

PER _____ DEPUTY CLERK

Record of Deportable/Inadimissable Alien).

On February 12, 2009, Hossain was arrested by the Philadelphia Police Department for simple assault and reckless endangerment of another person. (Doc. 14, Ex. A, Declaration of Kent J. Frederick, Chief Counsel for ICE, Philadelphia Office, at ¶ 3). These charges were dismissed on May 20, 2009, for "failure to prosecute" because the victim, Hossain's fiancé, did not want to press charges. Id.

On February 13, 2009, ICE placed Hossain in removal proceedings pursuant to a Notice to Appear, and on February 18, 2009, transferred Hossain to the York County Prison. Id. Once in ICE custody, additional records checks were conducted by ICE personnel, which revealed that between 1994 and 2000 Hossain had been arrested for, and convicted of, criminal possession of a loaded firearm, drug possession, and at least three driving under the influence offenses. Id.; (Doc. 14, Ex. B, Criminal Records). Based on Petitioner's prior weapons conviction, ICE detained him under the

mandatory detention provision of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226(c)(1)(B). Id.

In a Notice to Appear dated February 13, 2009, Petitioner was charged with removability pursuant to § 237(a)(2)(C) of the Immigration and Nationality Act ("INA"), as an alien, who at any time after admission has been "convicted under any law of purchasing, selling, offering for sale, exchanging, using, owning, possessing, or carrying, or of attempting or conspiring to purchase, sell, offer for sale, exchange, use own, possess, or carry, in violation of any law, any weapon, part, or accessory which is a firearm or destructive device, as defined in Section 921(a) of Title 18, United States Code." (Doc. 14, Ex. E, Notice to Appear).

Hossain first appeared before the Immigration Court on March 4, 2009, where he conceded some of the allegations and charges against him and where his request for a bond determination was denied. (Doc. 14, Ex. D, Transcript of IJ Proceedings).

On March 31, 2009, Hossain again appeared before the IJ, this time he conceded all the allegations and charges, including the fact that his weapons charge made him removable pursuant to § 1227(a)(2)(C). (Doc. 14, Ex. K, Transcript of IJ Proceedings). Hossain again requested, and was denied bond on April 27, 2009 and June 12, 2009. (Doc. 14, Ex. A, Frederick Declaration at ¶ 6).

On July 15, 2009, Hossain appeared for his merits hearing. (Doc. 14, Ex. F, Decision of Immigration Judge). The Immigration Judge granted his application for cancellation of removal under Section 240A(a) of the INA. Id.

On September 18, 2009, ICE filed a notice of appeal of the Immigration Judge's decision. (Doc. 14, Ex. G, Notice of Appeal from a Decision of an Immigration Judge).

On December 29, 2009, the Board of Immigration Appeals ("BIA") granted ICE's appeal and issued a final order of removal. (Doc. 18, Ex. A, Decision of Board of Immigration Appeals).

## II. Discussion

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. §1231. Under §1231(a), the Attorney General has 90 days to remove an alien from the United States after his order of removal, during which time detention is mandatory. Section 1231(a)(1)(B) specifically provides: The removal period begins to run on the latest of then following:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

At the conclusion of the 90 day period, the alien may be held in continued detention, or may be released under continued supervision. 8 U.S.C. §§ 1231(a)(3) and (6).

5

In Zadvydas vs. Davis, 533 U.S. 678 (2001), the United States Supreme Court addressed the issue of whether §1231(a)(6) authorizes the Attorney General to detain a removable alien indefinitely beyond the 90 day removal period or only for a period reasonably necessary to effectuate the alien's deportation. Reasoning that the indefinite detention of aliens "would raise serious constitutional concerns," the Court concluded that the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." Id. at 2498. The Court asserted that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Id. at 2503. To establish uniformity in the federal courts, the Court recognized six (6) months as a "presumptively reasonable period of detention." Id. at 2505. The Court further directed that if the alien provides good reason to believe that there is no significant likelihood of deportation in the reasonably foreseeable future at the conclusion of the six (6) month period, the burden shifts to the government to "respond with evidence

6

sufficient to rebut that showing." Id. The Court stated that not every alien must be released after six (6) months; but, rather, an alien may still be detained beyond six (6) months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."

Following the Supreme Court's decision in Zadvydas, regulations have been promulgated to meet the criteria established by the Supreme Court. See 8 C.F.R. § 241.4. Prior to the expiration of the 90 day removal period, the district director shall conduct a custody review for an alien where the alien's removal, while proper, cannot be accomplished during the prescribed period. 8 C.F.R. § 241.4(k)(1)(i). When release is denied pending the removal, the district director may retain responsibility for custody determinations for up to three months or refer the alien to the HQPDU for further custody review. 8 C.F.R. § 241.4(k)(1)(ii).

Hossain's removal period began on December 29, 2009, the date the BIA denied his appeal. However, ICE has an additional two months of

presumptively reasonable detention time to remove Petitioner (until March 29, 2010). During this time, ICE is required to review the status of Petitioner's post-order removal detention. See 8 C.F.R. § 241.4. Consequently, because the six month period established by the Supreme Court has not expired and Hossain does not contend that he was been denied his hearing pursuant to Zadvydas, Petitioner is prematurely before the Court.

The petitioner for writ of habeas corpus will be dismissed. An appropriate Order accompanies this Memorandum Opinion.

Dated: January 29, 2010

United States District Judge

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MOHAMMED HOSSAIN, | : | CIVIL NO. 3:CV-09-2199 |
| Petitioner | : | (Judge Nealon) |
| v. | : | |
| MARY E. SABOL, Warden, | : | |
| Respondent | : | |

## ORDER

**AND NOW, THIS** 29th **DAY OF JANUARY, 2010**, for the reasons set forth in the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus (Doc. 1, petition) is **DISMISSED** without prejudice as premature.

2. The Clerk of Court is directed to **CLOSE** this case.

United States District Judge